*373 LAWSON, J.
Juan A. Habeych timely appeals the sentence he received following his no contest plea to charges of trafficking in more than fourteen grams of heroin,[1] a first degree felony, and resisting an officer without violence,[2] a misdemeanor. Appellant contends that he was sentenced in violation of his right to counsel, and argues that his sentence “must be vacated because the record shows that Appellant was sentenced without his attorney being present and there is no record waiver of Appellant’s right to counsel.” We agree and reverse.
On March 17, 2009, Appellant, who was represented by current counsel, entered no contest pleas to both charges. A sentencing hearing was scheduled for May 6, 2009, and was ultimately rescheduled to August 18, 2009. On August 17, 2009, one day prior to the sentencing date, Appellant’s counsel filed a notice of conflict and motion to continue, alleging that counsel could not attend the scheduled sentencing because he was trying a murder case in another felony division of the same circuit. The trial court acknowledged the motion, but elected to sentence Appellant without his attorney present. Reversal is required. See, e.g., Jackson v. State, 983 So.2d 562 (Fla.2008) (holding that a complete denial of counsel at sentencing is fundamental error, and is not subject to harmless error review).
Accordingly, we reverse the sentences and remand with directions that Appellant be afforded a new sentencing hearing with counsel present.
REVERSED AND REMANDED WITH DIRECTIONS.
EVANDER, J., concurs.
COHEN, J., concurs specially, with opinion.

. § 893.135(l)(c)l.b., Fla. Stat. (2009).

. § 843.02, Fla. Stat. (2009).